# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jane **Morrissey**, individually
and on behalf of all similarly-situated persons,

                 Plaintiff,

v.

**CCS Services, PLLC** d/b/a/ Silver Tax Group,
d/b/a 1-800-LAW-FIRM Federal Tax Defense,
d/b/a 1-800-LAW-FIRM National Tax Defense,
d/b/a 1-800-LAW-FIRM National Tax Defense
Team, d/b/a 1-800-LAW-FIRM Tax Defense,
Chad **Silver**, and **Chorus HR Group, LLC**,

                 Defendants.

Case No. 2:19-cv-13027
Hon. Paul D. Borman

---

| | |
|---|---|
| David R. Deromedi (P42093)<br>Dickinson Wright, PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>Tel.: 313-223-2500<br>dderomedi@dickinsonwright.com<br>*Attorneys for Plaintiff* | Patrice S. Arend (P56962)<br>Jonathan Schwartz<br>Jaffe, Raitt, Heuer & Weiss, P.C.<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034<br>(248) 351-3000<br>parend@jaffelaw.com<br>*Attorneys for Defendants* |

---

### DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFF'S FIRST AMENDED COMPLAINT [DKT. 22]

Defendants CCS Services, PLLC ("CCS"), Chad Silver ("Silver") and Chorus HR Group, LLC ("Chorus"), through their undersigned counsel, move this Court to dismiss Count V of Plaintiff's First Amended Complaint for Retaliation under Rule

4901876.v1

12 of the Federal Rules of Civil Procedure. The factual and legal bases for this Motion are set forth more fully in the accompanying Memorandum of Law in support.

In accordance with Local Rule 7.1., counsel for Defendants sought concurrence from counsel for Plaintiff and concurrence was denied. Therefore, the filing of this motion is necessary.

## Concise Statement of Issue Presented

I.  Should this Court dismiss Plaintiff's claim for FLSA retaliation where Plaintiff has failed to allege the CCS's counterclaim is baseless and any facts supporting an inference that it lacks a reasonable basis in fact or law?

II.  Alternatively, should this Court dismiss Plaintiff's claim for FLSA retaliation where Plaintiff has alleged a claim against Silver and Chorus Group, and they have not alleged any claims against Plaintff?

## **Controlling or Most Appropriate Authority**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)

*Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827 (N.D. Ill. 2006)

*Ergo v. Int'l Merchant Servs., Inc.*, 519 F. Supp. 2d 765 (N.D. Ill. 2007)

*Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920 (6th Cir. 2013)

*In re Harchar,* 694 F.3d 639, 644 (6th Cir.2012)

Fed. R. Civ. P. 8(a)(2)

Fed. R. Civ. P. 12(b)(6)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFF'S FIRST AMENDED COMPLAINT [DKT. 22]

### Introduction

This case involves a claim for overtime pay under the Fair Labor Standards Act. Plaintiff's primary contention is that CCS misclassified her as an exempt employee from the FLSA's overtime provisions and, therefore, failed to pay her for hours worked in excess of 40 hours a week.

Upon receipt of Plaintiff's initial demand letter, CCS conducted an investigation into, among other things, Plaintiff's time card practices in an effort to determine what, if any, potential claim existed assuming *arguendo* that her erroneous argument regarding classification were true. In so doing, CCS learned that Plaintiff, who was remotely working, was punching into work in the time card system, but then not working—either leaving her home office to run personal errands, or engaging in other non-work related activities. In so doing, Plaintiff violated CCS' time keeping policies, attendance rules, time off requests, and entitlement to pay. Therefore, when it completed its internal investigation, CCS, in turn, filed an Amended Answer as a matter or right to include a counterclaim against Plaintiff to recoup monies that it was tricked into paying Plaintiff by her dishonesty.

4901876.v1

Plaintiff, in turn, filed an Amended Complaint to add a claim for retaliation based on the addition of the counterclaim. Because this claim fails to state a claim upon which relief can be granted, this newly added claim should be dismissed.

### Relevant Background

#### *The Parties*

CCS is a Michigan business with its offices located in Pontiac, Michigan. (Am. Compl. ¶ 16.) It is a law firm specializing in assisting individuals in dealing with the IRS. (*Id.* ¶ 17.)

Plaintiff is a resident of Florida. (*Id.* ¶ 8.)

#### *Plaintiff's Employment*

On March 6, 2017, CCS hired Plaintiff as a Settlement Officer. (Am. Compl. ¶ 8.) Although the job description contains more details regarding Plaintiff's duties and responsibilities that are not relevant for purposes of this Motion, part of her duties involved fielding incoming calls from potential clients who owed taxes to the Internal Revenue Service ("IRS") and to convince them to hire CCS to assist them in their issue(s) with the IRS. (*Id* ¶ 10.) Plaintiff was later promoted to Senior Settlement Officer, where she was involved in training, supervising, and appraising the performance of other settlement officers of CCS. (*Id.*). Plaintiff worked for CCS in her Florida home. (*Id.* at ¶ 8.)

Plaintiff's computer allowed her to work remotely. When she started work, she was to clock-in using the electronic time card system. Then, she was to separately log into the CCS computer network and phone system (called the Salesforce Customer Relationship Management System (CRM)) so that she was available to field calls from potential clients. (Am. Compl. ¶¶ 50-51.) As Plaintiff admits, the records from these systems would demonstrate when, and for how long and how often, Plaintiff was logged into the system and working. (*Id.*) Presumably, then, the electronic time card records and the CRM records would match.

Because CCS's offices are located in Michigan and Plaintiff worked from her home in Florida, CCS necessarily imposed a high degree of trust on Plaintiff that she was working when she was scheduled to work, she was working when she represented that she was working, and she was performing the work she was hired to perform.

In late 2018, Plaintiff went on an unpaid leave of absence. Upon her return on February 15, 2019, she voluntarily resigned her employment. (Am. Compl. ¶ 54.)

### *Procedural History*

Plaintiff commenced this lawsuit on October 15, 2019. She claims that she was misclassified as an exempt employee under the FLSA and therefore was entitled to overtime compensation for hours worked in excess of 40 hours per week. She

4901876.v1

further maintains that she routinely worked more than 40 hours per week and she was not paid the required overtime. Count I alleged a FLSA violation; Count II alleged a MWOWA violation; Count III alleged a cause of action for breach of contract; and Count IV alleged a cause of action for unjust enrichment.

Upon receipt of Plaintiff's initial demand letter and subsequent complaint, CCS conducted an investigation into, among other things, Plaintiff's hours worked to determine if she, in fact, worked overtime and if so, how much. During that process, CCS learned that Plaintiff's time card punches did not match the time she was logged into the CRM system. Indeed, it appeared on a fairly consistent basis that Plaintiff would clock-in to work, but then would not log into the CRM system for hours. She would also log out of the CRM system in the middle of the day, but then not log out of the electronic time clock system. As a result, Plaintiff was representing to CCS that she was working when, in fact, she was not doing so.

Upon confirmation that this event was not a one-off situation, but rather was occurring fairly frequently, CCS made the decision to amend its answer as a matter of right to add a Counterclaim. The other Defendants did not join in the Counterclaim because these claims belong to CCS as Plaintiff's employer. On December 23, 2019, CCS filed claims against Plaintiff for (1) breach of contract, (2) fraud, and (3) unjust enrichment.

Plaintiff, in turn, filed an Amended Complaint to add Count V for retaliation against all Defendants. Because this new count fails to state a claim upon which relief can be granted, Defendants now move to dismiss it under Rule 12 of the Federal Rules of Civil Procedure.

## Argument

This Motion seeks to dismiss Plaintiff's claims against Defendants as alleged in Count V of the Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also* Fed. R. Civ. Pro 1 (the rules govern the pleading standard "in all civil actions and proceedings in the United States district courts"). "Rule 8 does not empower [the plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009). While the pleading standard in Rule 8 does not require "detailed factual allegations," "it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) Likewise, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129

9

S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555.). A complaint that offers "naked assertion[s]" devoid of "further factual enhancement" is simply insufficient. *Id.*

When analyzing a Rule 12(b)(6) motion to dismiss, legal conclusions are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Crenshaw v. Wells Fargo, N.A.*, No. 12-12768, 2012 WL 3156572, at *1 (E.D. Mich., Aug. 3, 2012) (the law "requires more than a bare assertion of legal conclusions"). "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations omitted). A claim is plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *In re Harchar,* 694 F.3d 639, 644 (6th Cir.2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Other than reciting the elements of a claim for retaliation, Plaintiff has not alleged the facts necessary to maintain the cause of action alleged in Count V of the Amended Complaint. Because Plaintiff fails to allege cognizable claim as a matter of law, Count V should be dismissed.

> **I.     This Court Should Dismiss Count V for Retaliation Because Plaintiff has Not Pled, nor Can She, that the Counterclaim was filed in Bad Faith.**

In analyzing a claim of unlawful retaliation under the FLSA, the burden shifting formula articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. Under this framework, a plaintiff must first establish a *prima facie* case by proving (1) that he engaged in activity protected under the FLSA; (2) that he subsequently or contemporaneously suffered an adverse employment action; and (3) a causal connection between his protected activity and the employer's adverse action. *Ergo v. Int'l Merchant Servs., Inc.*, 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007).

A counterclaim filed in a lawsuit brought by an employee can, under certain circumstances, constitute a materially adverse action. However, courts have generally required a plaintiff to demonstrate that the counterclaim is baseless in order to satisfy this element. *See, e.g., Ergo,* 519 F. Supp. 2d at 781; *Ramon v. Hoyle*, 2009 WL 2151305, at *8 (S.D. Fla. July 16, 2009) (**Exhibit 1**).

For purposes of this Motion, Defendants do not dispute that Plaintiff engaged in protected activity by filing this lawsuit. However, Plaintiff has failed to allege anything to support the notion that Defendants have engaged in an adverse employment action by filing a baseless counterclaim. Instead, an examination of Count V reveals nothing more that Plaintiff alleging the elements of a cause of action for retaliation.

The filing of a counterclaim *alone* is not sufficient to constitute an adverse action. *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 835 (N.D. Ill. 2006) ("the mere filing of [defendant's] counterclaim is not an adverse action that can provide a basis for an FLSA retaliation claim"). Indeed, a party does not give up its legal rights to a claim merely because it finds itself to be a defendant in a lawsuit. To rule otherwise would result in nothing more than a race to the courthouse, as a putative plaintiff would always to file a lawsuit first in order to insulate herself from any potential claims by her employer, claiming that any filed claims were retaliatory. *Berrada v. Cohen*, No. CV16574SDWLDW, 2017 WL 6029598, at *2 (D.N.J. Dec. 5, 2017) (**Exhibit 2**), *aff'd,* No. CV16574SDWLDW, 2018 WL 1837916 (D.N.J. Apr. 17, 2018), and *aff'd,* 792 F. App'x 158 (3d Cir. 2019)("The protective scope of a retaliation claim cannot extend this far without making the assertion of an FLSA retaliation claim itself a retaliatory tool against a former employer"). This is especially true if the counterclaim is a compulsory one that arises out of the same transaction or occurrence of events—as is the case here where Plaintiff's claims necessarily depend on the hours worked, as does CCS's counterlcaim. *Serra v. Shriners Hosps. For Children, Inc.*, No. 8:18-cv-2682-T-33AAS, 2019 1558751, at *2 (M.D. Fla. Apr. 10, 2019) (**Exhibit 3**) (compulsory counterclaim in an FLSA claim must be brought and was not retaliatory).

As a result, a defendant, even in an FLSA lawsuit, can filed a viable counterclaim against a plaintiff. In order for the counterclaim to constitute retaliation under the FLSA, then, the counterclaim filed must, in fact, be baseless. "Baseless" is a powerful pejorative and it sets a difficult standard for the plaintiff to meet. A counterclaim is baseless when it is frivolous. *Ergo*, 519 F. Supp. 2d at 781 ("the only circumstance in which the filing of a compulsory counterclaim might constitute retaliation is where the counterclaim is totally baseless"). When a claim is presented for a proper purpose, is warranted by existing law, and is premised on factual contentions that have evidentiary support, it will not be deemed frivolous, even if the party is ultimately unsuccessful. *See* Fed. R. Civ. Pro. 11(b). *Castillo v. Joann Urquhart, M.D. P.C.*, No. 8:17-cv-01810-PX, 2019 WL 4750294, at *9 (D. Md. Sept. 30, 2019) (**Exhibit 4**) (because the counterclaim was not baseless, the "retaliation claim fails as a matter of law"). *Smith v. Miami-Dade Cty.*, 621 F. App'x 955, 960 (11th Cir. 2015)(to avoid a motion to dismiss on a retaliation claim, "plaintiff must allege that the lawsuit or counterclaim was filed with a retaliatory motive and was lacking a reasonable basis in fact or law").

Plaintiff has not alleged that the counterclaims brought by CCS lacked a basis in law. Nor has she provided a single allegation that the counterclaims lacked a basis in fact or are otherwise frivolous and can be considered baseless. Quite the opposite. She did not file a Motion to Dismiss the Counterclaim and, instead, filed an Answer

to it. Not only has Plaintiff failed to allege in Count V that the counterclaim was baseless, Plaintiff has failed to allege any facts that would support such a finding. Merely alleging that CCS filed a counterclaim and that is *de facto* retaliation is not supported by the law. Therefore, Plaintiff has failed to allege a proper cause of action for retaliation and it should be dismissed.

**II.   This Court Should Dismiss Count V for Retaliation Because Against Chad Silver and Chorus HR Group, LLC Because They Have Not Alleged a Claim Against Plaintiff.**

Plaintiff's claim for retaliation is filed against <u>all</u> Defendants. Indeed, in each of her allegations, she alleges that "Defendants filed multiple counterclaims against Plaintiff." (Am. Compl. ¶ 108.) Plaintiff, however, is mistaken. The Counterclaim filed against Plaintiff was filed solely by CCS. (*See* Dkt.[15].) As such, she has no basis for alleging a claim for retaliation against either Silver or Chorus, and has failed to allege any facts that would support such a claim. Accordingly, should this Court determine that Plaintiff has plead a claim for retaliation, it should, at a minimum, dismiss Silver and Chorus from Count V.

<h2 style="text-align:center"><u>Conclusion</u></h2>

For these reasons, Defendants respectfully request that this Court dismiss Count V of the Amended Complaint because plaintiff has failed to allege a claim upon which relief can be granted.

14

|  |  |
|---|---|
|  | Respectfully Submaitted, |
|  | /s/Patrice S. Arend<br>Patrice S. Arend (P56962)<br>Jonathan Schwartz<br>Jaffe, Raitt, Heuer & Weiss, PC<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034 |
| Dated: July 17, 2020 | (248) 351-3000<br>parend@jaffelaw.com<br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I, Joan Henderson, state that I am an employee of Jaffe, Raitt, Heuer & Weiss, P.C., and that on July 17, 2020, I served the foregoing papers and this Certificate of Service via the Court's electronic filing system.

/s/ Joan Henderson
Joan Henderson
jhenderson@jaffelaw.com

15

4901876.v1