UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

Jane Morrissey

         Plaintiff,

v.

CCS Services, PLLC, Chad Silver, Chorus HR Group

         Defendants.

_____/

Case No. 19-cv-13027

Paul D. Borman
United States District Judge

Michael J. Hluchaniuk
United States Magistrate Judge

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 23)

## I.   Introduction

Before the Court is Defendants' Motion to Dismiss Count V of Plaintiff's First Amended Complaint. Count V alleges that by filing counterclaims against Plaintiff, Defendant CCS retaliated against her for enforcement the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 201 et seq. (ECF No. 23, Motion to Dismiss; ECF No. 22, First Amended Complaint.) At issue is whether Plaintiff has sufficiently alleged that the filing of counterclaims by Defendant CCS against the Plaintiff amounts to an "adverse action" required to prove a retaliation claim under the FLSA. 29 U.S.C. § 215(a)(3) (retaliation provision).

1

Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this Court has authority to rule on motions without holding a hearing. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument.

## II.     Factual Background

Defendant CCS is a law firm that specializes in assisting individuals dealing with the Internal Revenue Service and is owned by Defendant Chad Silver. Plaintiff was hired as a Settlement officer and was employed by Defendant for nearly two years. She was classified as a non-exempt employee. (ECF No. 24 PgID.285–85.) Working remotely from Florida, Plaintiff was to field incoming calls from potential clients. Morrissey alleges she regularly worked in excess of 40 hours without overtime pay. (ECF No. 24 PgID.285.)

Plaintiff first filed this suit against CCS Services, PLLC, Chad Silver, and Chorus HR Group on October 15, 2019, alleging overtime violations of the FLSA, the Michigan Workforce Opportunity Wage Act, Mich. Comp. Law. § 408.411, as well as breach of contract and unjust enrichment. (ECF No. 1, ¶¶ 77–101.) Defendants filed an Answer on December 10, 2019. (ECF No. 9, Answer.)

On December 23, 2019 Defendant CCS filed an Amended Answer, bringing counterclaims against Morrissey for (1) breach of contract, (2) fraud, and (3) unjust

enrichment. (ECF No. 15 PgID.137–142.) Upon receipt of Plaintiff's initial demand letter, Defendant CCS reportedly investigated Plaintiff's timekeeping practices. (ECF No. 23 PgID.235, Motion to Dismiss.) Defendant claims it discovered that Plaintiff, who worked remotely, was misrepresenting the hours she worked, claiming she was "punching into work in the time card system, but then not working—either leaving her home office to run personal errands, or engaging in other non-work related activities." (ECF No. 23 PgID.235.) Plaintiff filed an Answer to the counterclaims on January 23, 2020, denying the timekeeping allegations. (ECF No. 18.)

In response to the counterclaims regarding her timekeeping, Plaintiff amended her Complaint by adding a fifth claim: retaliation for enforcing FLSA. (ECF No. 22 PgID.216.) Plaintiff alleges that "the motivating factor" for Defendants' filing of counterclaims "was plaintiff's initiation of the instant lawsuit," and that the counterclaims were filed in "retaliation of Plaintiff exercising her legally protected right." (ECF No. 22 PgID.217.) Plaintiff also claims that filing these counterclaims were "actions . . . designed to discourage, dissuade or otherwise intimidate Plaintiff, as well as other potential plaintiffs from joining this action and exercising their rights" under the FLSA. (*Id*.)

Before the Court is the Defendants' Motion to Dismiss Plaintiff's Fifth Count for FLSA retaliation. (ECF No. 23.) Defendants seek to dismiss Plaintiff's retaliation

claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 23 PgID.239.)

Defendants also seek to dismiss the retaliation claims against Chad Silver and Chorus HR Group, as only Defendant CCS filed the counterclaims at issue. Because they did not file counterclaims that form the basis of the retaliation claims, the retaliation claims against Chad Silver and Chorus HR Group are DISMISSED.

This Court will proceed with the Motion to Dismiss the Retaliation Claims against Defendant CCS, which filed the counterclaims against Plaintiff.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). Sixth Circuit "precedent instructs that, for a complaint to survive such motions, it must contain 'either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.' " *Buck v. City of Highland Park, Michigan*, 733 F. App'x 248, 251 (6th Cir. 2018) (quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d

645, 649 (6th Cir. 2013)). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.' " *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. The Sixth Circuit has reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. Analysis

To establish a prima facie case of retaliation under the FLSA, an employee must prove that (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection

5

between the protected activity and the adverse employment action. *Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).

The parties only dispute the third prong of the retaliation analysis: whether Plaintiff Jane Morrissey has sufficiently alleged that Defendant CCS' filing of counterclaims amounts to "adverse action." In *Burlington Northern*, the Supreme Court explained that to allege adverse action under a Title VII claim, "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Pettit v. Steppingstone, Ctr. for the Potentially Gifted*, 429 F. App'x 524, 531–32 (6th Cir. 2011) quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal citations and quotation marks omitted).

The parties contest what must be pled at this stage to satisfy the objective adverse action standard. Defendant first supported its Motion to Dismiss by citing out-of-circuit caselaw for the proposition that a plaintiff must sufficiently allege the counterclaim was "baseless." Citing *Ergo v. Int'l Merch. Servs., Inc.*, 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007); *Ramon v. Hoyle*, 2009 WL 2151305, at *8 (S.D. Fla. 2009). Plaintiff responded, criticizing Defendant's reliance on out-of-circuit cases and directed the focus towards the objective standard—whether the retaliatory conduct "can constitute a materially adverse action that could well dissuade a

reasonable worker from making or supporting an FLSA claim." Citing *Duby v. Shirley May's Place,* 2017 WL 1045910, at *3 (E.D. Mich. 2017); *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 911–12 (W.D. Mich. 2016). Plaintiff then pointed to Sixth Circuit cases demonstrating that to satisfy this objective standard, a counterclaim can be adverse action "if the counterclaims 'are not brought in good faith but instead motivated by retaliation." Citing *Carr v. TransCanada USA Servs., Inc.,* 2014 WL 6977651, at *2–3 (M.D. Tenn. 2014); *E.E.O.C. v. Outback Steakhouse of Florida,* 75 F.Supp.2d 756, 758 (N.D. Ohio 1999). Plaintiff argues that her pleading of retaliatory motivation satisfies the standard. Defendant filed a Reply, arguing for the existence of a bad faith with retaliatory motive requirement. Citing *e.g., Duby*, 2017 WL 1045910 (E.D. Mich. 2017); *Cruz,* 167 F. Supp. 3d 902 (W.D. Mich. 2016). Defendant brings issue with Plaintiff's reading of the caselaw, criticizing her "erroneous position that bad faith is not a pleading requirement."

Courts within the Sixth Circuit have considered counterclaims or other legal action in the Title VII retaliation context both before and after *Burlington Northern*. A review of those cases shows that no court has recognized a strict rule requiring at this stage a sufficient allegation of baselessness, frivolousness, or bad faith, as the Defendant points out is the rule in some other Circuits. *See e.g.*, *Berrada v. Cohen*, 792 F. App'x 158, 164 (3d Cir. 2019) (requiring a showing of baselessness); *Smith v. Miami-Dade Cty.*, 621 F. App'x 955, 960 (11th Cir. 2015) (plaintiff must allege

7

that the lawsuit or counterclaim was filed with a retaliatory motive and was lacking a reasonable basis in fact or law).

At the same time, however, no court in this Circuit has determined a retaliation claim against an employer filing counterclaims satisfied the prima facie showing without a sufficient factual allegation of bad faith, baselessness, or frivolousness. Recently, this Court considered this issue in *Duby v. Shirley May's Place* but declined to decide whether a plaintiff must allege that the retaliatory use of legal process is either frivolous or baseless. 2017 WL 1045910, at n. 2 (E.D. Mich. 2017); This Court noted that plaintiff had "met this burden either way" by alleging the legal process "lacked a reasonable basis in fact or law." *Id*. Other District Courts in this Circuit have confronted this issue, and similarly found that counterclaims alleged to be baseless, unfounded or frivolous satisfied the prima facie showing. *See Nasrallah v. Lakefront Lines, Inc.*, 2017 WL 2291657, at *8 (N.D. Ohio 2017) (employer denied summary judgement where plaintiff employee argued counterclaims were "unfounded," and defendant pursued them after being "well aware" of case law showing claims were not available; also alleged claims filed with the purpose of dissuading plaintiff from pursuing claims.); *Cruz*, 167 F. Supp. 3d at 911–12 (W.D. Mich. 2016) (employer's filing of state-law counterclaims could constitute materially adverse employment action, especially since one counterclaim, for abuse of process, was alleged to be frivolous and essentially sought to punish employee,

8

or deter others, with prospect of attorney's fees for protected activity of filing federal claim under the FLSA).

District Courts in this Circuit have limited decisions finding employer counterclaims to satisfy the prima facie showing for adverse action to instances when the counterclaims were allegedly brought, at minimum, in bad faith. In *Carr,* the court dismissed plaintiff's retaliation claims partly on the ground that plaintiff *did not* allege bad faith or retaliatory motive. Relying on many of the same cases cited by the parties here, the court noted that "the Sixth Circuit has limited decisions concluding that employer counterclaims in discrimination suits may be retaliatory to counterclaims brought in bad faith." 2014 WL 6977651, at *3 (M.D. Tenn. 2014) citing *Gill v. Rinker Materials*, 2003 WL 749911, at *6 (E.D. Tenn. 2003); *Gliatta v. Tectum, Inc.*, 211 F.Supp.2d 992 (S.D. Ohio 2002); *E.E.O.C. v. Outback Steakhouse of Florida,* 75 F.Supp.2d 756, 758 (N.D. Ohio 1999).

### a. Plaintiff's Allegations Do Not Meet The "Bad Faith" Standard

Morrissey's allegations are insufficient to satisfy the materially adverse action element of the FLSA retaliation analysis. To sufficiently allege that a counterclaim is an adverse action in a FLSA retaliation claim, a Plaintiff must put forth facts that the counterclaims were either baseless, frivolous, or in bad faith with retaliatory motivation.

In order to survive a Motion to Dismiss, "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.' " *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. 544, 555. The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56.

Plaintiff does not specifically allege that the counterclaims were filed in bad faith. Beyond denying the timekeeping allegations in her Answer to the counterclaims (ECF. No 18), Plaintiff does not attack the underlying legal or factual allegations in the counterclaims. Therefore, this Court cannot properly make an inference of bad faith that is needed to satisfy the prima facie showing. Plaintiff does argue (in a reply brief), however, that Defendants have provided no tangible evidence of their counterclaims. (ECF No. 24 PgID.282.)

Morrissey argues that the counterclaims were designed to discourage, dissuade, or otherwise intimidate plaintiff and other potential plaintiffs. It is possible that the prospect of an investigation into personal timekeeping practices and the potential for a lawsuit might well dissuade a reasonable worker from joining the

FLSA claims. Plaintiff's claims, however, appear to be nothing more than legal conclusions and a recitation of the objective standard needed. Defendant points out that a plaintiff with a valid FLSA claim (i.e. those who "did not manipulate the time card system") "would not be worried about any similar counterclaim." (ECF No. 25 PgID.314.)

Plaintiff claims retaliatory motive without additional factual support. Plaintiff argues that Defendant was "motivated to file counterclaims by Plaintiff's filing of the lawsuit," and that the counterclaims were filed in "retaliation of plaintiff exercising her legally protected right." (*Id.*) While the timing and nature of the counterclaims may create an inference that the counterclaims were filed with retaliatory motive, the Plaintiff offers no other facts to support this conclusion. This "formulaic recitation of the elements of a cause of action" do not make it plausible Plaintiff is entitled to relief. *Twombly*, 550 U.S. at 555–56.

To plead an adverse action, a plaintiff must allege, at minimum, bad faith with retaliatory motive. *Cruz*, 167 F. Supp. 3d at 911 (W.D. Mich. 2016); *Carr,* 2014 WL 6977651, at *3 (M.D. Tenn. 2014). Plaintiff has failed to allege sufficient facts such that, even with all factual allegations taken as true and all reasonable inferences drawn in her favor, she fails to state a claim upon which relief can be granted.

### b. Compulsory Nature of Counterclaim

Defendant argues (and Plaintiff does not address) that its counterclaims are compulsory under Fed. R. Civ. P. 13, and had to be filed at this juncture, lest the claims be lost. (ECF No. 25 PgID.313.) Fed. R. Civ. P. 13(a) describes a compulsory counterclaim: "A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Because Defendant's counterclaims arise out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim (the hours worked by Plaintiff), Defendant's counterclaims are compulsory.

Other cases in this Circuit have found the both the compulsory nature and the time of accrual of counterclaims to be relevant, but not dispositive, when considering whether a counterclaim amounts to adverse action. In *Carr*, the fact that counterclaims were compulsory and did not accrue until after Title VII claims were filed was important (in addition to a lack of pleading of bad faith) to the court's analysis in dismissing the plaintiff's retaliation claim. 2014 WL 6977651, at *3 (M.D. Tenn. 2014). In *Gill v. Rinker Materials*, the court rejected Defendant's argument that the retaliation claims should be dismissed on the ground that his counterclaims challenged were compulsory, noting that "Defendants could have brought their counterclaim as independent claims at any time," including before the

12

Title VII claims were brought, and the retaliation claims were ultimately not dismissed. 2003 WL 749911, at *6 (E.D. Tenn. 2003). While it is relevant that Defendant's claims are compulsory and were available before the FLSA claims were filed, these facts are likely not dispositive.

Other Circuits recognize the relevance of the compulsory nature of the counterclaims to both the objective employee standard and the role of an employer in a Title VII claim. In *Berrada v. Cohen*, the court found it relevant to the adverse action inquiry that the counterclaims were compulsory, stating that "there is nothing suspicious about Defendants' counterclaims when the Rules required Defendants to assert them or risk waiving them." 792 F. App'x 158, 164 (3d Cir. 2019), citing *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 834 (N.D. Ill. 2006). *See also, Ergo v. Int'l Merch. Servs., Inc*., 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007) (noting that "since an employer that fails to assert legitimate claims against an employee arising from the same transaction as the employee's FLSA complaint would waive those claims, the threshold for concluding that a compulsory counterclaim is retaliatory should be high.")

In this case, Defendants could have investigated Morrissey's timekeeping practices at any time. They did not do so until the FLSA claims were filed. Therefore, based on the timing, Plaintiff's allegation that "the motivating factor" for CCS' filing of counterclaims "was plaintiff's initiation of the instant lawsuit," is plausible.

13

However, as noted above, no court in the Sixth Circuit has recognized a counterclaim to be retaliatory with only an allegation that the motivating factor was retaliation. *See Carr*, 2014 WL 6977651, at *3 (M.D. Tenn. 2014) ("the Sixth Circuit has limited decisions concluding that employer counterclaims in discrimination suits may be retaliatory to counterclaims brought in bad faith.")

## V. Conclusion

The factual basis for the compulsory counterclaims, per Fed. R. Civ. P. 13, go to the very root of Plaintiff's FLSA claims. Accordingly, Defendant's Motion to Dismiss Plaintiff's retaliation claim in Count V is GRANTED.

IT IS SO ORDERED.

Dated: October 2, 2020　　　　　　　　　　s/Paul D. Borman
　　　　　　　　　　　　　　　　　　　　Paul D. Borman
　　　　　　　　　　　　　　　　　　　　United States District Judge