**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jane Morrissey, individually
and on behalf of all similarly-situated persons,

        Plaintiff,

v.

CCS Services, PLLC d/b/a/ Silver Tax Group,
d/b/a 1-800-LAW-FIRM Federal Tax Defense,
d/b/a 1-800-LAW-FIRM National Tax Defense,
d/b/a 1-800-LAW-FIRM National Tax Defense
Team, d/b/a 1-800-LAW-FIRM Tax Defense,
Chad Silver, and Chorus HR Group, LLC,

        Defendants.

Case No. 2:19-cv-13027
Hon. Paul D. Borman

---

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiff Jane Morrissey and Defendants CCS Services, PLLC ("CCS Services"), Chorus HR Group, LLC ("Chorus HR"), and Chad Silver ("Silver"), through their respective undersigned counsel, together move this Court to enter an order (1) approving the parties' confidential settlement agreement reached in this action, which was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Michigan Workforce Opportunity Act ("WOWA"), MCL 408.411 *et seq.*, and other common law claims and (2) dismissing this case with prejudice. The

parties urge the Court to find that the proposed settlement is fair, reasonable and adequate.

In support of this joint motion, the parties rely on their Brief in Support of Joint Motion to Approve Settlement and Dismiss Case with Prejudice, and the factual and legal authorities cited therein. A proposed order approving the settlement and dismissing the case is attached as **Exhibit 1**.

# BRIEF IN SUPPORT OF
# JOINT MOTION TO APPROVE SETTLEMENT
# AND DISMISS CASE WITH PREJUDICE

## Statement of Issue Presented

The parties have agreed to a full and final settlement with respect to Plaintiff's claims for unpaid overtime, liquidated damages, and all other damages and relief sought by Plaintiff in this lawsuit under the Fair Labor Standards Act and Michigan Workforce Opportunity Act. Case law precedent provides that Court approval is required for a private-party settlement of FLSA claims. Where the parties' settlement represents a fair and reasonable resolution of this lawsuit and makes Plaintiff whole, should this Court enter an order approving the proposed settlement as a full and final settlement of Plaintiff's claims under the FLSA?

The parties concur in the motion and both answer "yes."

5154127.v1

## Introduction

This case involves a claim for overtime pay under the Fair Labor Standards Act. Plaintiff's primary contention is that CCS misclassified her as an exempt employee from the FLSA's overtime provisions and, therefore, failed to pay her for hours worked in excess of 40 hours a week. Plaintiff filed this action as a proposed collective action under the FLSA, and as a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff has not moved to certify the class.

Following extensive negotiations between the Parties, they have reached a resolution of this lawsuit, as represented in the Settlement Agreement attached as Exhibit 1. The Parties now seek this Court's approval of the Settlement Agreement and dismissal of this case.

## Background

### *The Parties*

CCS Services is a Michigan business with its offices located in Pontiac, Michigan. (Am. Compl. ¶ 16.) It is a law firm specializing in assisting individuals in dealing with the IRS. (*Id.* ¶ 17.) Silver is the owner of CCS Services. Chorus HR is a human resources company.

Plaintiff was a resident of Florida when she was employed by Defendants. (*Id.* ¶ 8.)

On March 6, 2017, CCS hired Plaintiff as a Settlement Officer. (Am. Compl. ¶ 8.) Although the job description contains more details regarding Plaintiff's duties and responsibilities that are not relevant for purposes of this Motion, part of her duties involved fielding incoming calls from potential clients who owed taxes to the Internal Revenue Service ("IRS") and to convince them to hire CCS to assist them in their issue(s) with the IRS. (*Id* ¶ 10.) Plaintiff was later promoted to Senior Settlement Officer, where she was involved in training, supervising, and appraising the performance of other settlement officers of CCS. (*Id.*). Plaintiff worked for CCS in her Florida home. (*Id.* at ¶ 8.)

In late 2018, Plaintiff went on an unpaid leave of absence. Upon her return on February 15, 2019, she voluntarily resigned her employment. (Am. Compl. ¶ 54.)

### *The Claim and Defenses*

Plaintiff commenced this lawsuit on October 15, 2019. She claims that she was misclassified as an exempt employee under the FLSA and therefore was entitled to overtime compensation for hours worked in excess of 40 hours per week. She further maintains that she routinely worked more than 40 hours per week and she was not paid the required overtime. Count I alleged a FLSA violation; Count II alleged a MWOWA violation; Count III alleged a cause of action for breach of contract; and Count IV alleged a cause of action for unjust enrichment. Plaintiff

sought to bring a collective FLSA action on behalf of herself and all other similarly situated individuals pursuant to the FLSA's collective action provision. 29 U.S.C. § 216(b). Plaintiff has not filed any motion for class certification.

Defendants, on the other hand, deny any liability to Plaintiff for unpaid wages. They maintain that Plaintiff was properly and in good faith designated as an employee exempt from overtime compensation under the FLSA. CCS Services paid Plaintiff a salary plus commissions for all hours worked, regardless of the amount, pursuant to the agreement between the parties. CCS Services further maintains that Plaintiff did not work the hours that she alleged and, instead, engaged in time card manipulation. On December 23, 2019, CCS filed counterclaims against Plaintiff relating to the alleged time card fraud, for (1) breach of contract, (2) fraud, and (3) unjust enrichment. Plaintiff denied the material factual allegations relating to these claims.

Plaintiff and Defendants have negotiated and reached a full and final settlement of all claims. **Exhibit 2.** Accordingly, the Parties now move this Court to approve the settlement as a fair and reasonable resolution of the instant dispute.

## Argument

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir.

1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.") In approving such a settlement, a court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Id.* To determine whether a FLSA settlement is both fair and reasonable, the court takes into account the following factors:

(1) The risk of fraud or collusion;
(2) The complexity, expense and likely duration of the litigation;
(3) The amount of discovery completed;
(4) The likelihood of success on the merits;
(5) The opinion of class counsel and representatives;
(6) The reaction of absent class members; and
(7) Public interest in the settlement.

*Williams v. K&K Assisted Living, LLC*, No. 15-cv-11565, 2016 WL 319596 at *1 (E.D. Mich. Jan. 27, 2016). District courts may approve FLSA settlements "in order to promote the policy of encouraging settlement of litigation." *Id.* The settlement in this case is a reasonable resolution of a bona fide dispute.

First, the parties have a bona fide dispute over Plaintiff's entitlement to overtime compensation. Plaintiff's theory of the case is that she was entitled to overtime pay for hours worked in excess of 40 hours. Defendants, on the other hand, maintain that Plaintiff was not entitled to overtime because, among other things, she was exempt from FLSA overtime, and Plaintiff did not work the hours alleged. CCS

7

5154127.v1

Services further alleged that Plaintiff engaged in timecard manipulation and was dishonest about the time spent working for CCS Services. Defendant further maintains that Plaintiff would have difficulties certifying a collective action or class action in this case. The parties' differing interpretations of the evidence and its impact served as motivation for the present settlement. This Court would, then, be required to resolve the parties' "good faith" disagreement, had they not resolved it jointly.

Second, the settlement reflects a fair and reasonable resolution of the case. Plaintiff maintains that she is entitled to overtime in the amount of approximately $36,000. Defendants maintain that Plaintiff was properly classified as an exempt employee and is not entitled to any overtime compensation. Defendants further allege that Plaintiff was paid straight time for all hours worked in excess of 40 hours, so that if liability exist, overtime pay arguably due Plaintiff would be computed using a .5 multiplier, as opposed to the 1.5 times regular rate multiplier that Plaintiff alleged in her Amended Complaint. Finally, Defendants allege that Plaintiff did not work the hours alleged but, rather, engaged in time card manipulation to show that she was performing work when she was otherwise not working.

As for the liquidate damages, Defendants dispute whether they had a good faith basis for not paying Plaintiff the additional overtime. According to Defendants,

the evidence does not establish clear entitlement to liquidated damages. *See* 29 U.S.C. § 255(a) and 29 U.S.C. § 260.

Finally, the attorney's fee award is reasonable. Plaintiff's counsel spent time doing initial research regarding the FLSA, preparing and filing a Complaint and Amended Complaint, responding to and preparing discovery, reviewing hundreds of pages of documents, taking depositions, engaging in motion practice, communicating with his client and defense counsel, and negotiating this settlement.

Following an open and full debate over the legal and factual issues, the parties, who have been represented by counsel at all times, agreed that the negotiated terms of the settlement represent a fair, reasonable and just compromise of the disputed issues. By settling this matter at this time and under the agreed-to terms, Plaintiff agreed to avoid the risk of losing the case, and Defendants have agreed to resolve this matter in order to avoid risk of further expenditure of their respective time and money in litigating these issues. The parties share an interest in fully and finally resolving the issues raised in this action. Because the parties recognized the expense and risks associated with prosecution and defense through trial, and any possible appeal, as well as the risk of uncertainty of the outcome inherent in any litigation, they agreed to be bound by the Settlement Agreement, which they now ask this Court to approve. The undersigned jointly submit that the Settlement and General Release Agreement constitutes a fair and reasonable resolution of a *bona fide* dispute, in

accordance with *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See also Boaz v. Federal Express Information Services, Inc.*, No. 12-5319, 2013 WL 3985015 (6th Cir. Aug. 6, 2013) (permitting FLSA waivers only under DOL or court supervision). In approving and entering the consent decree, the Court will thereby promote the policy of encouraging settlement in litigation. *Id.* at 1354.

Plaintiff has reviewed the Settlement Agreement under which she has voluntarily decided to fully and finally settle her claims. Both parties are represented by counsel. Plaintiff had the benefit of conferring with her counsel, who has litigated other FLSA and other employment matters. There is no indication that the parties reached the agreement by virtue of anything other than arms-length negotiations. Settlement resolves the uncertainty of case outcomes for both parties. Under these circumstances, the parties believe that their settlement represents a fair and reasonable resolution of their disputes under the FLSA.

No class has been certified in this case, conditionally or otherwise. As such, there are no "absent class members" in this case. Because FLSA collective actions employ an "opt-in" mechanism, as opposed to an "opt-out" mechanism, no one is bound by this proposed settlement except for the current Plaintiff and Defendants.

Finally, the public interest is served by the proposed settlement as it provides relief to Plaintiff, and eliminates the inherent risks both sides would bear if this

litigation were to continue. Given the circumstances, the presumption of fairness should attach to the proposed settlement. *See Lynn Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

## Conclusion

For these reasons, the parties request that the Court enter an Order approving the settlement as a full and final settlement of Plaintiff's claims and a corresponding order of dismissal.

| | |
|---|---|
| /s/ Joshua L. Burgener w/ permission<br>David R. Deromedi (P42093)<br>Dickinson Wright, PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>Tel.: 313-223-2500<br>dderomedi@dickinsonwright.com<br><br>Joshua L. Burgener (#29077)<br>Dickinson Wright, PLLC<br>424 Church Street, Suite 800<br>Nashville, Tennessee 37219<br>(615) 244-6538<br>Jburgener@dickinsonwright.com<br>*Attorneys for Plaintiffs* | /s/ Patrice S. Arend<br>Patrice S. Arend (P56962)<br>Jaffe, Raitt, Heuer & Weiss, P.C.<br>27777 Franklin, Suite 2500<br>Southfield, Michigan 48034<br>248.351.3000<br>parend@jaffelaw.com<br><br>*Attorneys for Defendants* |

5154127.v1

## Certificate of Service

I hereby certify that on March 17, 2021, I electronically filed *Joint Motion to Approve Settlement and Dismiss Case with Prejudice and Brief in Support* with the clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

|  |  |  |
|---|---|---|
|  |  | Jaffe, Raitt, Heuer & Weiss, P.C. |
| Date: March 17, 2021 | By: | /s/Patrice S. Arend |
|  |  | Patrice S. Arend (P56962) |
|  |  | 27777 Franklin Road, Suite 2500 |
|  |  | Southfield, Michigan 48034 |
|  |  | 248.351.3000 |
|  |  | parend@jaffelaw.com |
|  |  | *Attorneys for Defendant* |

5154127.v1